FILED
SUPERIOR COURT
OF GUAM

2019 SEP 12 PM 2: 25

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM,<br><br>                                Plaintiff,<br><br>           vs.<br><br>MARK A. TORRE, JR.,<br><br>                             Defendant. | Criminal Case No. CF0421-15<br><br>**DECISION AND ORDER** |

### INTRODUCTION

This matter is before the Honorable Judge Michael J. Bordallo. Defendant Mark A. Torre Jr. ("Torre") is represented by Attorney Joaquin C. Arriola. The People of Guam ("People") are represented by Assistant Attorney General Basil O'Mallan.

On August 19, 2019, Torre filed a Motion to Modify Conditions of Release. The People did not file an opposition brief. The Court held a hearing on September 10, 2019, during which defense counsel argued in favor of the motion. The People declined to offer any oral arguments during the motion hearing. Having reviewed the arguments presented, the Court now issues the following decision **GRANTING** Torre's Motion to Modify Conditions of Release.

## FACTS

1. On July 14, 2015, the People filed a Magistrate's Complaint which charged Torre, a Guam Police Department ("GPD") Officer, with multiple offenses relating to the shooting death of fellow GPD Officer Elbert G. Piolo. The charged offenses are as follows: (1) Murder, as a First Degree Felony, with a Special Allegation of Possession or Use of a Deadly Weapon in the Commission of a Felony; (2) Manslaughter, as a First Degree Felony, with a Special Allegation of Possession or Use of a Deadly Weapon in the Commission of a Felony; (3) Aggravated Assault, as a Second Degree Felony, with a Special Allegation of Possession or Use of a Deadly Weapon in the Commission of a Felony; and (4) Aggravated Assault, as a Third Degree Felony, with a Special Allegation of Possession or Use of a Deadly Weapon in the Commission of a Felony.

2. On July 15, 2015, the Court issued an Order of Conditional Release and Appearance Bond. Torre was released under the following conditions: (1) cash bail of $165,000.00; (2) order to appear at all further criminal trial proceedings; (3) order to stay away from his father, GPD Lieutenant Mark Torre Sr. and all other potential witnesses; (4) appointment of Third Party Custodians; (5) house arrest; (6) no firearms; (7) no alcohol or drugs; (8) report to the Probation Office once per week in person; (9) no leaving Guam/must turn in passport to the Probation Office; (10) must obey all federal and local laws, as well as abide by all reasonable terms set by the Court or Probation Office.

3. On July 16, 2015, the Court acknowledged the receipt of the Warranty Deed to the home of Teresita B. Torre to satisfy the bail amount.

4. On July 24, 2015, a Grand Jury returned an Indictment charging Torre with all four offenses listed in the Magistrate's Complaint, complete with the special allegations.

5. This matter went to trial on January 31, 2017.

6. The jury returned its verdicts on March 2, 2017. Torre was acquitted of Murder, Manslaughter and Aggravated Assault (as a Second Degree Felony), together with all Special Allegations attached to said counts. Torre was convicted of Negligent Homicide, with Special Allegation, and Aggravated Assault (as a Third Degree Felony), with Special Allegation.

7. On June 21, 2017, the Court sentenced Torre to eight years imprisonment at the Department of Corrections.

8. Torre subsequently appealed his conviction, and on July 14, 2017, the Court issued a Decision and Order granting Torre's Motion for Release on Bail Pending Appeal. The Court ordered that Torre continue to be released on the same conditions to which he was subject prior to the trial.

9. On July 31, 2019, the Supreme Court of Guam issued an opinion in *People v. Torre*, 2019 Guam 9. In its opinion, the Supreme Court found that this Court had improperly admitted certain evidence during Torre's trial, and therefore vacated the Judgment of Conviction.

10. Torre is presently charged with Negligent Homicide, with Special Allegation, and Aggravated Assault (as a Third Degree Felony), with Special Allegation.

11. Torre continues to be released on the same conditions required prior to the Supreme Court's reversal of his conviction.

12. To date, the Probation Office has not filed any violation reports against Torre.

## ISSUE

1. Whether Torre's pre-trial release conditions should be modified in light of the Guam Supreme Court's reversal of his convictions.

## PRINCIPLES OF LAW

When deciding whether to confine a criminal defendant, the Court must decide whether he is likely to appear in court later and whether he will pose a danger to others if he is released. The Supreme Court of Guam requires the Court to release a defendant *"unless* the judge determines, in his discretion, on the basis of available information, that such a release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." *Guam v. Song*, 2011 Guam 19, ¶ 10 (quoting 8 GCA § 40.15(b)) (emphasis in original). Guam law requires the court to impose the least onerous conditions necessary to ensure the person appears in court and to keep the community safe. 8 G.C.A. § 40.20; *see Guam v. Song*, 2011 Guam 19 ¶ 11. In deciding the matter, the Court must consider the nature of the offense charged, the apparent possibility of conviction, and the likely sentence. 8 GCA § 40.15(c)(1). The court must also consider a series of other factors, such as the history and characteristics of the person charged, his reputation and character, his prior criminal record, any records of prior release on recognizance or on bail, and any other factors which bear on the risk of willful failure to appear or the danger the person would pose to the community or any member of the community. *Id.* at (c)(2)-(6).

## ANALYSIS

Torre faced much more serious crimes when the Court first determined his conditions of release. While Torre is still charged with two severe violent crimes (Negligent Homicide and Aggravated Assault (as a Third Degree Felony)), he is no longer charged with Murder,

Manslaughter, or Aggravated Assault (as a Second Degree Felony). Importantly, Torre is no longer charged with any First or Second Degree Felonies, but only with Third Degree Felonies. Therefore, Torre is now facing a significantly less severe punishment if convicted, compared to the potential punishment if he had been convicted of Murder or Manslaughter. As the seriousness of the charges is an important factor for the Court to consider when determining a defendant's release conditions, it follows that the Court's analysis should now change in favor of imposing less stringent conditions.

Additionally, the Court notes Torre's history of complying with Court orders. Torre has now been on supervised release for over four years and the Probation Office has not filed a single violation report against him. Torre's willingness and ability to abide by Court orders weighs in favor of the Court modifying his release conditions.

In its Decision and Order releasing Torre on bail pending appeal, the Court noted that there is no evidence that Torre is a flight risk or poses a danger to the community. Decision and Order at 3 (July 14, 2017). The Court has no reason to reconsider its prior position on these issues.

Notwithstanding the less serious nature of the current charges and his prior compliance with Court orders, Torre continues to face very serious charges and was previously sentenced to eight years imprisonment for these charges. Torre will remain on house arrest and continue to face restrictions regarding firearms, alcohol, and travelling, and will continue to report to the Probation Office on a weekly basis.

## CONCLUSION AND ORDER

For the above reasons, the Court **GRANTS** Torre's Motion to Modify Conditions of Release. Torre will be subject to all of his prior release conditions with the following amendments:

    a. While Torre will remain on house arrest, the Third Party Custodians no longer need to supervise Torre at all times when he is confined within his home. The Third Party Custodians only need to remain with Torre at times when he leaves his home for the limited purposes of court appearances, meeting with defense counsel or Probation Officers, attending religious services, or emergency medical treatment.

    b. The $165,000 bail requirement is vacated and title to the property furnished to satisfy such bail will be returned.

    c. Bail is set at $10,000 unsecured bond.

SO ORDERED, this __11__ day of __Sept__ 2019.

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

**SERVICE VIA COURT BOX**
I acknowledge that a copy of the original hereto was placed in the court box of:
__AG; J. Aniola__

Date: 9/12/19 Time: 2:25
Deputy Clerk, Superior Court of Guam